NEW YORK,<br>October, 1814.<br>Hines<br>v.<br>Ballard.

————————

## Hines *against* Ballard.

THIS was an action on several promissory notes, for the delivery of gin or whiskey, at certain successive periods. The defendant pleaded the general issue, and gave notice therewith, that he should give in evidence his discharge under the insolvent act of 1811, setting it forth *verbatim.* The cause was tried at the *Oneida* circuit, in *June,* 1814, before Mr. Justice *Van Ness.*

It is unnecessary to state the evidence on the part of the plaintiff. The defendant gave in evidence his discharge, granted by *Nathan Williams,* Esq. commissioner, in the county of *Oneida,* under the act, and dated *March* 19th, 1812. To this the plaintiff objected, that it did not appear, by the discharge, that the defendant was imprisoned or impleaded, or resident three months within the county of *Oneida,* (in which his discharge was obtained,) so as to give the commissioner jurisdiction over the same. The defendant thereupon produced the original proceedings under the act, on file in the clerk's office in *Oneida* county, a *capias ad respondendum,* in an action by the plaintiff against the defendant, returnable in *September,* 1811, and returned served; (the petition having been presented on the 28th of *September,* and the oath required by the act administered on the same day;) and the defendant proved, by *parol,* that he had been an actual resident of been discharged, the commissioner's name, and the date of the discharge.

<i>In pleading a discharge under an insolvent act, it is sufficient for the defendant to state the discharge, and such circumstances as are necessary to give the judge or commissioner jurisdiction.</i><br><br><i>The notice subjoined to the general issue of a discharge under the insolvent act of 1811, need not state the proceedings previous to the discharge, that the defendant was imprisoned, or impleaded, or a resident, &c. but those facts, although not stated in the notice, may be proved by the proceedings on file.</i><br><br><i>It is sufficient if the notice states that the defendant had</i>

NEW YORK, the county of *Oneida*, before he presented his petition, and also
October,1814. that he made due proof thereof, and of his having been im-
pleaded, to the commissioner. All which evidence was ob-
jected to, but was admitted by the judge, subject, however, to
the opinion of the court as to its competency.

HINᴬˢ
v.
BALLARD.

The jury found a verdict for the plaintiff, subject to the
opinion of the court on a case to be made.

*Sill*, for the plaintiff. The defendant having pleaded the
general issue, and given notice of the discharge only, it was
not competent to him to give in evidence other matters, or the
proceedings before the commissioner, to help out the dis-
charge. The *residence* of the defendant in the county for
three months immediately preceding his discharge and his im-
prisonment, or prosecution, are material and traversable facts,
and ought to have been pleaded, or notice thereof given under
the general issue; for had the plaintiff received notice of their
being intended to be given in evidence, he might have been
prepared to disprove them, and to show that the *commissioner*
had no jurisdiction.

Now, if this evidence is rejected, it does not appear that the
commissioner had any jurisdiction, which it is essential for the
defendant to show.[*]

*Service v.
Heermance,* 1
*Johns. Rep.* 91.
*Frary v. Da-
kin,* 7 *Johns.*
*Rep.* 75. *Mor-
; an v. Dyer.*10
*Johns.Rep.*161.

The commissioner was admitted as a witness; but he could
not be allowed to give evidence to support his own jurisdiction.
Nothing extrinsic to the proceedings is admissible. By the 22d
section of the act, (sess. 34. c. 123.) after the final hearing and
decision, all the documents, &c. relative to the proceedings, are
required to be filed in the office of the clerk of the court,
there to remain of record.

*Storrs*, contra. The statute says, the insolvent may plead
the general issue, and give the special matter in evidence, under
a notice, in which he is requested to state, that he has been dis-
charged under the act, the recorder or commissioner who sign-
ed the discharge, and the date thereof. This was intended to
prevent the trouble and expense of setting out all the proceed-
ings. ᵧ Independently, however, of the statute, the discharge
implies every thing requisite.

The rule on the subject is, that it must appear on the face of
the whole proceedings, that the commissioner or judge had ju-

OF THE STATE OF NEW-YORK.

NEW YORK,
October. 1814.
HINES
v.
BALLARD.

risdiction; not that it should appear in every paper, or in any particular part of the proceedings. Now, it appears from the *petition*, on file, that the defendant was resident in the county, &c. and had been prosecuted. It cannot be objected here that the commissioner did not receive sufficient or proper evidence of those facts. It is enough if they appear on the face of the proceedings.

If the defendant had pleaded specially that he was a resident of the county of *Oneida* for three months immediately preced-ing his petition, that he had been prosecuted, and that he pre-sented his petition to the commissioner, and that such proceed-ings were thereupon had that he was discharged, setting forth the discharge, it would have been a good plea. Now he has shown as much, under the general issue, in this case.

YATES, J. delivered the opinion of the court. The question in this cause is, whether under the notice annexed to the pleas, containing the discharge only, it was competent to prove the prosecution, and residence of the insolvent, by the proceedings on file in the clerk's office in *Oneida* county.

The principle is well established, and has been frequently recognised by this court, that a discharge under the insolvent act might be pleaded, in the same manner as the proceedings of an inferior court were allowed to be pleaded; and that it was sufficient to state enough to give the magistrate jurisdiction, &c. (*Service* v. *Heermance*, 1 *Johns. Rep.* 91. *Frary* v. *Dakin*, 7 *Johns. Rep.* 75.)

By the insolvent act of 1811, two things are necessary to give the commissioner jurisdiction; imprisonment or prosecu-tion of the debtor, and a residence in the county for three months immediately preceding the time of presenting his peti-tion. The same act, to secure to the insolvent the benefit of his discharge, authorizes him, if sued, prosecuted, impleaded, arrested, or imprisoned, to plead the general issue, and give the special matter in evidence upon and under a notice given with such plea, in which notice he is required to state that he has been discharged under that act, the recorder or commission-er who signed the discharge, of the city and county in which said discharge was obtained, and the date thereof.

The notice annexed to the general issue is in the nature of a special plea, and, although the same strictness is not required

NEW YORK, as in pleading specially, yet, to prevent surprise, the party can-
October, 1814. not be allowed to give evidence of matter not contained
in the notice. That, however, cannot be alleged in rela-
tion to the evidence now in question. The recognition of
the discharge in this notice was strictly consonant to the direc-
tions of the statute; and the proceedings of the commissioner,
filed in the clerk's office, under the same statute, must be deemed
a public record of the facts on which the discharge was found-
ed. Due notice of this discharge necessarily involves an
inquiry into those proceedings, sufficient to prevent surprise to
the opposite party; they are a part of the discharge itself, and
notice of it was also notice of the official act of the commis-
sioner, upon which it was founded. The proceedings on file
in the office were properly received in evidence; and they go
to show that the insolvent had been prosecuted, and that he
resided in the county of *Oneida*, for three months preceding
the time of presenting his petition, by which the jurisdiction of
the commissioner is fully established; so that the defendant was
entitled to the effect of his discharge, which, of course, is a suf-
ficient and valid defence in this action. The defendant, conse-
quently, is entitled to judgment.

Judgment for the defendant.